

NUMBER 13-15-00268-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GERARDO ALVAREZ,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                                   Appellee.

### On appeal from the 24th District Court of
### De Witt County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides and Perkes
### Memorandum Opinion by Justice Benavides

The State indicted appellant Gerardo Alvarez for one count of aggravated sexual

assault, a first-degree felony, *see* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West,

Westlaw through 2015 R.S.); and one count of indecency with a child, a second-degree

felony, *see id.* § 21.11 (West, Westlaw through 2015 R.S.) in trial court cause number 14-

11-12-124.[1]  After a bench trial, Alvarez was found guilty of aggravated sexual assault and sentenced to seventy-five years' imprisonment in the Texas Department of Criminal Justice's Institutional Division.  By one issue, Alvarez asserts that the trial court erred by admitting photographs without proper authentication.  We affirm.

## I.  BACKGROUND

Adriana Franco testified that one morning in July of 2014, she grabbed her then-boyfriend Alvarez's cell phone to look at a photo that he had taken of her, when he "ripped it out of [her] hand" and asked her "what are you doing?"  Franco testified that this incident made her suspicious that Alvarez was cheating on her, so she waited until later that day to examine his phone when he left it unattended.  While reviewing the pictures located on Alvarez's phone, Franco uncovered photos of A.B.,[2] the next-door neighbor's minor daughter, fully clothed, but posing in sexually-suggestive positions on Alvarez's bed.  Franco later confronted Alvarez, who told her that the photos were taken by accident and that he would delete them.

A week after discovering the photos on Alvarez's cell phone, Franco discovered more photos of other women and girls, including A.B., but this time on Alvarez's electronic tablet.  Franco testified that she discovered videos as well, including one video of Alvarez filming a still photo and "moaning" in the background. Eventually, Franco reported Alvarez

---

[1] Under a separate trial court cause number (14-11-12-125), the State charged Alvarez with one count of sexual performance by a child, a second-degree felony, *see* TEX. PENAL CODE ANN. § 43.25 (West, Westlaw through 2015 R.S.), and one count of improper photography, *see* Acts 2001, 77th Leg., ch. 458, § 1 (amended 2003, 2007, and 2015) (current version at TEX. PENAL CODE ANN. 21.15 (West, Westlaw through 2015 R.S.)).  These charges were tried in conjunction with trial court cause number 14-11-12-124.  However, at the close of evidence, the State dismissed both counts under cause number 14-11-12-125 and proceeded on the remaining charges.

[2] We will use initials to conceal the identities of the minor complainant and her mother.

to a local justice of the peace, for whom she worked for. Acting on the justice of the peace's advice, Franco called law enforcement and filed a report.

Sergeant Carl Bowen of the DeWitt County Sheriff's Office executed a search warrant following Franco's report, on Alvarez's home and recovered a Toshiba tablet and two cell phones that belonged to Alvarez. Sergeant Bowen testified that "there were several images [on the recovered devices] depicting persons . . . being photographed in suggestive sexual positions." Sergeant Bowen stated that he spoke with Alvarez at the time that he executed the search, and Alvarez did not deny taking the photographs, but simply stated that he did not know how to delete them. The DeWitt County Sheriff's Office enlisted the assistance of Kenneth Patterson, a computer forensic specialist with the Corpus Christi Police Department, to aid their department with extracting images and videos from Alvarez's electronic devices. Patterson testified about how he extracted the files, and after admitting into evidence, the files were shown to the jury.

A.B. testified that her next-door neighbor Alvarez periodically gave her presents like a bicycle and Barbie dolls. However, A.B. also testified that Alvarez touched her "underneath" her panties on her vagina. A.B. also stated that Alvarez tried to put his fingers inside of her vagina. According to A.B., after Alvarez touched her, he pointed a gun to her head and a knife to her throat, threatening to "kill [her]" if she told anyone about what had happened. A.B.'s mother, J.B., also testified and told the trial court that A.B. had told her that Alvarez touched her "under her panties" at his house. Finally, Alvarez testified in his defense and denied all of the allegations, including taking any of the photographs and videos.

3

The trial court found Alvarez guilty of aggravated sexual assault and sentenced him to seventy-five years' confinement in the Texas Department of Criminal Justice's Institutional Division. This appeal followed.

## II.    ADMISSIBILITY OF EVIDENCE

By his only issue, Alvarez contends that the trial court erred by admitting State's Exhibit 2, which contained more than one hundred thumbnail images found on Alvarez's electronic devices, because the exhibit was not properly authenticated.

### A.    Standard of Review

A trial court's decision on whether to admit evidence is reviewed under an abuse of discretion standard and will not be reversed if it is within the zone of reasonable disagreement. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). An abuse of discretion occurs when the trial court acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (en banc). The inquiry on appeal is whether the result was reached in an arbitrary or capricious manner. *Id.* We afford trial courts "great discretion" in its evidentiary decisions because "the trial court judge is in a superior position to evaluate the impact of the evidence." *Id.* at 378–79.

### B.    Law of Authentication

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. *Butler v. State*, 459 S.W.3d 595, 600 (Tex. Crim. App. 2015) (citing TEX. R. EVID. 901(a)). The trial court need only make the preliminary determination that the proponent of the item has supplied facts sufficient to support a reasonable fact-finder's determination that the proffered evidence is authentic. *Id.*

4

Articles that are easily identifiable and substantially unchanged normally do not require chain of custody evidence. *Dominguez v. State*, 441 S.W.3d 652, 659 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (internal citations omitted). If the item has distinct or unique characteristics, a witness may authenticate it by testifying that he or she has previously seen the item at the relevant time and place and that the witness recognizes it by its distinctive characteristics. *Id.* at 659–60. Proof of chain of custody goes to the weight rather than the admissibility of the evidence. *See Ennis v. State*, 71 S.W.3d 804, 808 (Tex. App.—Texarkana 2002, no pet.).

## C.      Discussion

Alvarez argues generally that Sergeant Bowen, acting as the exhibit's sponsoring witness, failed to properly authenticate these photographs. We disagree. The record shows that Sergeant Bowen testified that he had personally seen the photos in State's Exhibit 2 recovered from Alvarez's electronic devices when he executed the search warrant on Alvarez's home. Additionally, Sergeant Bowen testified that these thumbnails were "true and accurate" depictions of the subjects that he saw in the photos recovered from Alvarez's electronic devices, despite his inability to specifically identify which photos were recovered from Alvarez's cell.

Next, Alvarez argues that the evidence was not properly authenticated because a chain of custody was not established for this exhibit. Again, we disagree. The trial court could have found within the zone of reasonable disagreement that these thumbnails did not need proof of chain of custody because the photographs were easily identifiable and substantially unchanged from when they were initially recovered by police. Further, as stated previously, proof of chain of custody goes to the weight rather than the admissibility of the evidence. *See id.*

5

Next, Alvarez argues generally that Sergeant Bowen, acting as the exhibit's sponsoring witness, failed to properly authenticate these photographs. Again, we disagree. The record shows that Sergeant Bowen testified that he had personally seen the photos in State's Exhibit 2 recovered from Alvarez's electronic devices when he executed the search warrant on Alvarez's home. Additionally, Sergeant Bowen testified that these thumbnails were "true and accurate" depictions of the subjects that he saw in the photos recovered from Alvarez's electronic devices, despite his inability to specifically identify which photos were recovered from Alvarez's cell phones, electronic tablet, or both because there were "a lot of duplicate photographs." Accordingly, we conclude that the trial court acted within its discretion when it ruled that Sergeant Bowen supplied facts sufficient to support a reasonable fact-finder's determination that the proffered evidence is authentic. *See Tillman*, 354 S.W.3d at 435.

We overrule Alvarez's sole issue on appeal.

### III. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of July, 2016.